## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 13, 1897.

GEORGE WHITELOCK, ET AL., RECEIVERS, VS. ·
THE NATIONAL BANK OF COMMERCE.

*Schmucker & Whitelock, Richard B. Tippett & Bro.,* and *A. B. Chancellor* for plaintiffs.

*John C. King* and *John P. Poe* for defendant.

STOCKBRIDGE, J.—

The bill of complaint in this cause was filed on the 6th of March, 1897, for the purpose of having a certain assignment from the Alfred Ely Company to the National Bank of Commerce declared null and void, as being an illegal preference, and obtaining a decree that the title to the property so attempted to be assigned was vested in the receivers of the Ely Company.

An answer was filed to the bill on the 24th of March, 1897, and five days later, on March 29th, the cause was submitted for the action of the Court in the following terms:

"The above cause is hereby submitted on bill, answer and exhibits for the passage of a *pro forma* decree dismissing the bill of complaint with leave to the plaintiff to appeal from such decree to the Court of Appeals of Maryland."

This submission was signed by solicitors for both parties to the cause, and on the same day a decree was signed in exact accordance with the terms of the above submission.

On the 17th of April, 1897, a petition was filed upon the part of the receivers, the plaintiffs in the case, praying that the decree so entered be stricken out, and that the plaintiffs might have leave to amend their bill. This application is opposed by the respondent, and the sole question for determination at this time is, shall or not the decree which has been thus entered be stricken out, because under the Statute in this State governing amendments, if the decree is stricken out, the cause would stand as if such decree had never been entered, and there being no final decree in the cause the application for amendment would be properly in time, and the proposed amendment is of a character which the Court would not hesitate to grant. In behalf of the petitioners, it is contended that the application to strike out having been made within thirty days from the passage of the *pro forma* decree, such decree is entirely within the control of the Court, and there is no question but that during the term at which an order or decree is passed, it remains subject to the control of the Court, and liable upon proper ground shown by petition to be altered, revised or entirely revoked.

Thurston vs. Devecmon, 30 Md. 217.

Upon the part of the defendant it is urged that, the decree in this cause having been entered by consent, there can be no amendment or rescinding of it except by the like assent.

A distinction has been sought to be drawn between a consent decree and a consent decree *pro forma,* but such a difference cannot be maintained. A decree entered by consent, whether *pro forma* or without such qualifying or explanatory expression, may be equally binding and conclusive in the determination of important interests, and the fact that the decree was signed by the Court without any hearing can not operate as a reason in derogation of the decree. Parties to a suit have the right to agree to anything they please in reference to the subject-matter of their litigation, and the Court, when applied to, will ordinarily give effect to their agreement if it comes within the general scope of the case made by the pleading.

Miller's Maryland Equity, Sec. 269.

Beach's Equity Practice, Sec. 792.

The action of the Court, therefore, in the passage of the decree which was presented to it on the 29th of March, was but the customary, usual and proper exercise of its jurisdiction; but the defendant now insists that the decree by consent, which has been entered, is binding and conclusive upon all parties, unless it was obtained by fraud or mistake, neither of which is alleged

in this case, and that it cannot be modified or varied in an essential part without the assent of both parties to the same, and even then only at the same term at which it was rendered. And this is the language which is used by Mr. Beach, in his work, in Section 795. It is a proposition too plain for argument, that when a decree has been entered by the consent of the parties, there can be no variation of its terms or modifications of its scope and effect, except by an assent equivalent to that by which it was originally passed.

But the present application does not ask a modification of the decree; an alteration of its terms, or a change of its scope. It asks for the entire revocation of the decree, and this it is clearly within the power of the Court to grant upon proper ground shown by the petitioner. Even the case chiefly relied upon by the defendant in support of his position, that of Morris vs. Peyton, 29 W. Va., 212, makes this clear, for the Court says:

"As a consent decree is not the judgment of the Court upon the merits of the case, but the act of the parties to the suit, it is obvious that it can not be modified, set aside or annulled by any order in the cause, made by the Court below, without the consent of all the parties to the cause, *unless set aside during the same term of the Court,* which would leave matters in the same condition as if it had never been entered." And again, speaking of the decree, "It can *never be set aside* by any order of the Court in the cause *after the end of the term* in which it was entered, *nor can it during the term or afterward be modified except by consent.*" There is thus drawn the clear distinction between a modification of a decree and the entire setting of it aside. The former being possible only by the same consent by which it was originally passed, the latter resting during the term at which it was passed within the discretion of the Court.

After a decree has become enrolled it is ordinarily not subject to be revised, altered or revoked by bill of review, or in any other manner; but to this general proposition our Court of Appeals have in a long line of cases recognized three well defined exceptions, the first of which is, the fact, if it be a fact, that the case was not heard and determined on its merits, and a number of cases could be cited where decrees have been annulled on this ground alone.

If now, it is a proper exercise of equity jurisdiction upon a bill for review to set aside and annul a decree entered after such decree has become enrolled, for the reason that it was entertained without any hearing of the case upon its merits; much greater is the reason why upon the same ground before such decree has become enrolled, it should upon application be set aside, no rights of third parties having intervened, in order that the case may be heard and determined upon its merits, and the parties to the cause not be precluded by any technical rule from having their rights fully passed upon and properly adjudicated. Decrees entered upon default for lack of appearance have, upon this ground, even after the term, been set aside, and no good reason appears why a like equity does not subsist in a case like the present, where the plaintiffs, through inadvertence of counsel, have failed to make an allegation in their complaint which may be material in determining the issues which they seek to have adjudicated. The decree *pro forma* heretofore entered will, therefore, be stricken out, and leave granted the plaintiff to amend the bill as prayed.